JS 44 (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS

Scott Pralinsky

### DEFENDANTS

Mutual of Omaha Insurance, DOES 1 to 20

### (b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

Paraiso County, Costa Rica

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

### (c) Attorney's (Firm Name, Address, and Telephone Number)

Laurence F. Padway (83914)    Tel.: (510) 814-6100
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, CA 94501

Attorneys (If Known)

Martin E. Rosen (108998)    Tel: (213) 680-2800
Jason C. Love (228881)    Fax: (213) 614-7399
BARGER & WOLEN LLP
633 W. Fifth Street, 47th Floor, Los Angeles, CA 90071

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332, 1441, 1446

Brief description of cause:
Breach of Contract, Bad Faith, Fraud, Intentional Infliction of Emotional Distress

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ according to proof

CHECK YES only if demanded in complaint
JURY DEMAND:  [ ] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[ ] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE  7-2-08

SIGNATURE OF ATTORNEY OF RECORD

**PROOF OF SERVICE**

*(United States District Court, Northern District of California)*
*Removed from Superior Court County of Alameda - Case No. RG08390511)*
*(Scott Pralinsky v. Mutual of Omaha Insurance Co.)*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071-2043.

On **July 2, 2008**, I served the foregoing document(s) described as **CIVIL COVER SHEET** on the interested parties in this action by placing [ ] the original [ X ] a true copy thereof enclosed in sealed envelope addressed as stated below.

Laurence F. Padway, Esq.
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Tel.: (510) 814-6100
Fax: (510) 814-0650

[ X ] **BY MAIL**

[ X ]    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at Los Angeles, California on **July 2, 2008.**

NAME: Susan Lincoln                    _(Signature)_

E-filing

1  Martin E. Rosen (108998), mrosen@barwol.com
   Jason C. Love (228881), jlove@barwol.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5

6  Attorneys for Defendant
   Mutual of Omaha Insurance Company
7

FILED
JUL - 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8          **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  SCOTT PRALINSKY, | CASE NO. **C08-03191** |
| 12          Plaintiff, | |
| 13          vs. | **DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S NOTICE OF REMOVAL** |
| 14  MUTUAL OF OMAHA INSURANCE, and DOES 1-20, inclusive, | |
| 15          Defendants. | [28 U.S.C. §§ 1332, 1441(b), 1446] |
| 16 | |
| 17 | Complaint Filed: June 2, 2008 |
| 18 | |

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9691\039\08pleadings\notice of removal (fed court)_v2.doc

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2

3   **PLEASE TAKE NOTICE THAT** Defendant Mutual of Omaha Insurance

4   Company, sued erroneously herein as Mutual of Omaha Insurance ("Mutual of

5   Omaha"), hereby removes to this Court the action commenced on June 2, 2008 in the

6   Superior Court of the State of California, County of Alameda, entitled *Scott Pralinsky*

7   *v. Mutual of Omaha Insurance, and Does 1-20,* Case No. RG08390511.

8

9                                   **TIMELINESS**

10

11      1.   Mutual of Omaha first learned of this action on June 5, 2008, when it

12   was served with a summons from the state court and a copy of the complaint. This

13   removal is therefore timely. *See* 28 U.S.C. §1446(b). True and correct copies of the

14   Complaint, summons, and all other documents served on Mutual of Omaha in this

15   action are attached as Exhibit "A."

16

17                                   **JOINDER**

18

19      2.   Other than Mutual of Omaha, no other non-fictitious defendants have

20   been named or served with summons and the complaint in this action. As such, no

21   joinder is necessary. 28 U.S.C. § 1441(a). *See also Salveson v. Western Bankcard*

22   *Assn.,* 731 F.2d 1423, 1429 (9th Cir. 1984) (finding non-served defendants need not

23   be joined by the removing defendant)

24

25                                   **JURISDICTION**

26

27      3.   This action is a civil action of which this Court has original jurisdiction

28   under 28 U.S.C. § 1332, and is an action which may be removed to this Court by

1 | Mutual of Omaha pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a
2 | civil action between a citizen of a foreign state and a citizen of Nebraska and the
3 | matter in controversy exceeds $75,000, exclusive of interest and costs, as set forth
4 | more fully below.

5

6 | ### CITIZENSHIP OF PARTIES

7

8 | 4.    Plaintiff Scott Pralinsky is, and was at the time of the filing of the
9 | subject state court action was, a citizen of country of Costa Rica.

10 | 5.    A corporation is a citizen of its state of incorporation and the state in
11 | which it has its principal place of business.  A corporation has only one principal
12 | place of business.  *See* 28 U.S.C. section 1332(c)(1); *see also United Computer*
13 | *Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).  Mutual of Omaha is,
14 | and at the time of the filing of the subject state court action was, a corporation
15 | incorporated under the laws of Nebraska with its principal place of business in
16 | Nebraska.

17

18 | ### AMOUNT IN CONTROVERSY

19

20 | 6.    The amount in controversy in this action exceeds $75,000 (exclusive of
21 | interest and costs).

22 | 7.    The complaint seeks the recovery of past insurance benefits, in the
23 | amount of $20,000.  Complaint, ¶ 25.

24 | 8.    The complaint in this action also asserts a claim for breach of the
25 | implied covenant of good faith and fair dealing.  If Plaintiff prevails on this claim, he
26 | may also be entitled to recover the present value of *future* policy benefits as damages.
27 | *See Pistorius v. Prudential Ins. Co. of America,* 123 Cal.App.3d 541, 551 (1981);
28 | *Egan v. Mutual of Omaha Ins. Co.,* 24 Cal.3d 809, 824 n. 7 (1979).  The complaint

1  alleges this amount to be $250,000.  Complaint, ¶ 25.

2      9.    The complaint also seeks the recovery of general damages and
3  emotional distress.  The complaint alleges these to be $250,000.  Complaint, ¶ 26.

4      10.  The complaint also seeks the recovery of an unspecified amount of
5  punitive damages.  Complaint, ¶28; *see also Richmond v. Allstate Ins. Co.,* 897
6  F.Supp. 447, 450 (S.D. Cal. 1995) (punitive damages may be used in calculating
7  amount in controversy for purposes of removal).

8      11.  The complaint also seeks the recovery of attorney's fees incurred by
9  Plaintiff in connection with obtaining policy benefits.  Complaint, ¶ 27.  Such
10  damages are potentially recoverable in connection with Plaintiff's bad faith claim,
11  and may also be considered in calculating the amount in controversy.  *See Galt G/S v.*
12  *JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brandt v. Superior Court,*
13  37 Cal.3d 813, 817 (1985).

14      12.  Thus, the total amount in controversy easily exceeds $75,000.

15

16  Dated:  July 2, 2008                    BARGER & WOLEN LLP

17

18                                  By: _____
19                                       MARTIN E. ROSEN
20                                       JASON C. LOVE
                                         Attorneys for Mutual of Omaha
                                         Insurance Company
21

22

23

24

25

26

27

28

# EXHIBIT A



# SUMMONS
## (CITACION JUDICIAL)



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Mutual of Omaha Insurance, and
Does 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Scott Pralinsky

**FILED**
**ALAMEDA COUNTY**

JUN 2 - 2008

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA  94612

**CASE NUMBER:**
*(Número del Caso):* RG08 390511

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Laurence F. Padway (SBN 083914)       1516 Oak Street, Suite 109
Law Offices of Laurence F. Padway     Alameda, CA  94501
Telephone: 510-814-6100, Fax: 510-814-0650

DATE:                          Clerk, by _____, Deputy
*(Fecha)*  6-2-08    PAT S. SWEETEN   *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

1 Laurence F. Padway, #89314
Law Offices of Laurence F. Padway
2 1516 Oak Street, Suite 109
Alameda, California 94501
3 Telephone: (510)814-6100
Facsimile : (510)814-0650

**FILED**
ALAMEDA COUNTY

JUN 2 - 2008

CLERK OF THE SUPERIOR COURT
By _____
Deputy

4

5 Attorneys for plaintiff

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         ALAMEDA COUNTY

10

11 SCOTT PRALINSKY                  No.  RG08390511

12
            Plaintiff,              COMPLAINT FOR
13  vs.                             FRAUD, BAD FAITH, INTENTIONAL
                                    INFLICTION OF EMOTIONAL DISTRESS,
14 MUTUAL OF OMAHA                  AND BREACH OF CONTRACT
   INSURANCE, and
15 DOES 1-20, inclusive

16            Defendants.
                                /
17

18          Comes now the plaintiff, demanding a trial by jury, and alleging of defendants as

19 follows:

20

21                          GENERAL ALLEGATIONS

22

23          1. Plaintiff Scott Pralinsky, while a resident of California, purchased an individual

24 policy of disability insurance from defendant Mutual of Omaha.

25

26          2. Defendant Mutual of Omaha Insurance is an insurance company residing in the

27 State of Nebraska and doing business in California. It sold a policy of individual disability insurance

28 Amended Complaint                      Page 1 of 8

1  to plaintiff Scott Pralinsky, policy number 379091-98M, which insures Mr. Pralinsky in the event

2  that he becomes unable to work due to illness or disease, and which provides a proportional

3  disability benefit in the event that following a total disability, he returns to work with a reduction in

4  his earnings below his level of earnings at the time he became disabled.

5

6          3. Plaintiff does not know the true names and capacities of defendants denominated

7  herein as Does 1-20, inclusive and therefore sues said defendants by their fictitious names.

8

9          4. On October 19, 2001, while working as a mortgage broker and insured under the

10  policy, Mr. Pralinsky became disabled by reason of medical illness and anxiety. He was totally

11  disabled for a period of time, and has remained proportionally disabled since 2004 in that while he

12  has resumed employment, his earnings have remained far below what he was able to earn prior to

13  becoming disabled.

14

15          5. Defendant Mutual of Omaha paid disability benefits under the policy from 2001

16  until August 21, 2007, when it terminated benefits because it alleged that Mr. Pralinsky was able to

17  work in the same capacity as he was prior to becoming disabled.

18

19          6. The termination of benefits was made without any change in Mrs. Chretien's

20  medical condition or abilities, was based upon a medical review which demanded that Mr. Pralinsky

21  meet medical standards beyond those imposed by the policy and it was done in bad faith.

22

23          7. These general allegations are incorporated into each cause of action below.

24

25                              FIRST CAUSE OF ACTION – BAD FAITH

26

27          8. Defendant Mutual of Omaha undertook to insure Mr. Pralinsky against disability

28  Complaint                                    Page 2 of 8

-8-

1  and the associated financial calamity.

2

3      9. Defendant Mutual of Omaha acted in bad faith in connection with the termination

4  of benefits, and failure to pay full benefits, to Mr. Pralinsky because, inter alia:

5

6      I. Defendant based its decision on a review by Dr. Harvey A. Lerchin, M.D., which

7  was known by defendant to be biased because (a) Dr. Lerchin was known to defendant to have a pro-

8  insurer bias when he was selected to do the review and (b) Dr. Lerchin limited his evaluation to

9  "whether or not the objective findings support the claimant's assertion of occupational disability,"

10  when in fact, Mr. Pralinsky suffers from a psychiatric disability which is comprised of both objective

11  and subjective elements so that an evaluation limited to the objective elements is medically

12  incompetent.

13

14      ii. Defendants have a practice and policy of improperly crediting medical consultants

15  selected by them or through their selection process over and above the treating medical providers.

16

17      iii. Defendants relied upon Dr. Lerchin's contention that Mr. Pralinsky's current

18  employment duties, in a low stress occupation were "similar" to his duties as a mortgage broker in a

19  volatile and time pressured environment, which was against all of the evidence in the claims file.

20

21      iv. Defendants refused to credit Mr. Pralinsky's own impression of his condition

22  because it was not "objective."

23

24      v. When defendants decided to terminate the claim, they arbitrarily imposed a

25  condition not found in the policy language, namely that the disability be proven by "objective"

26  means. Appropriate medical evaluation requires consideration of "objective" and "subjective"

27  conditions, and related psychological issues, with only appropriate credence being given to each.

28  Complaint                          Page 3 of 8

1           vi. Defendants terminated benefits without a change in Mr. Pralinsky's medical

2    condition.

3

4           10. The acts of defendants were and are in bad faith, and were and are being done

5    fraudulently, maliciously and oppressively, with the knowledge that their acts are substantially

6    certain to injure, vex, annoy and harass Mr. Pralinsky and with conscious disregard of his rights.

7

8           11. As a proximate result of the foregoing, Mr. Pralinsky has been damaged as set

9    forth below.

10

11    SECOND CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12

13           12. The actions of defendant Mutual of Omaha Insurance, set forth in 1-11 above was

14    and is extreme and outrageous, and was and is known by it to be substantially certain to cause Mr.

15    Pralinsky great emotional distress. In particular, defendant sold the policy to Mr.Pralinsky as a safety

16    net which would provide him with income protection in the event he became disabled and was

17    unable to provide for himself in the manner in which he had previously been able to do. Defendant

18    knew that if it was called upon to pay a claim under the policy, it would be at a time when Mr.

19    Pralinsky was particularly dependent upon defendant for economic support and at risk of serious

20    harm if defendant failed to perform. Further, defendant was aware at the time it made the decision to

21    terminate benefits that Mr. Pralinsky suffered from an anxiety disorder and was therefore particularly

22    susceptible to harm as a result of defendant's failure to pay the money due under the policy.

23

24           13. The actions of defendant Mutual of Omaha, by arbitrarily rejecting the opinions

25    of all of the treating health care providers, by changing Mr. Pralinsky's entitlement to benefits when

26    there was no change in his condition, and by arbitrarily requiring him to prove disability by objective

27    findings, by selecting a biased evaluator, and by the other acts alleged above, were intended to and

28    Complaint                              Page 4 of 8

1    did cause Mr. Pralinsky extreme emotional distress.

2

3    14. These acts all were intended to and did cause Mr. Pralinsky grave financial and

4    emotional distress, and they were all a part of a corporate plan of Mutual of Omaha Insurance

5    Company to deny benefits wrongfully its insureds, in order to force them to file suit in the hope that

6    defendants could then compromise the claims and cancel the remaining coverage due under the

7    policy.

8

9    15. The actions of the defendant Mutual of Omaha Insurance in refusing to approve

10   disability payments to Mr. Pralinsky was known by it to be substantially certain to vex, injure,

11   harass, and annoy Mr. Pralinsky and was known by defendant to violate his rights.

12

13   16. The actions of defendant Mutual of Omaha Insurance have been and are causing

14   Mr. Pralinsky great emotional and financial distress, not only by rendering him unable to pay his bills

15   in timely fashion, but because the actions of the defendants have aggravated the financial stress and

16   loss of security attendant to his already existing disability and thereby impaired his ability to recover

17   from his illness.

18

19   17. As a proximate result thereof, Mr. Pralinsky has been damaged as set forth

20   below.

21

22

23

24                THIRD CLAIM FOR RELIEF - BREACH OF CONTRACT

25

26   18. By their actions, defendant Mutual of Omaha Insurance breached the policy by

27   failing to pay benefits due thereunder, and failing to process claims properly under the policy.

28   Complaint                        Page 5 of 8

1   19. Mr. Pralinsky performed all of his obligations under the policy.

2

3   20. As a proximate result of the foregoing, Mr. Pralinsky has been damaged as set

4   forth below.

5

6   FOURTH CLAIM FOR RELIEF - FRAUD

7

8   21. In order to induce Mr. Pralinsky to purchase the policy in issue, defendant in

9   brochures and through its agent represented to him at and prior to the time of purchase:

10

11   a. In purchasing disability insurance that it was important to choose a trustworthy

12   company; and that Mutual of Omaha could be trusted to pay claims honestly and fairly;

13

14   b. Mutual of Omaha would pay claims in accordance with the terms of the policy.

15

16   22. In truth, those statements were false because at the time that Mutual of Omaha

17   made them, the Company knew that when it decided it no longer desired to pay a psychiatric

18   disability claim, it would terminate or disallow the claim by changing the quantum of proof of

19   disability required, such as by demanding objective proof of disability, or by engaging in a biased

20   claim investigation, as it did in this case.

21

22   23. Mr. Pralinsky did not know the true facts at the time he bought the policy, and he

23   was ignorant of them. He relied upon the representations of Mutual of Omaha and its uberrima fides

24   by paying premiums month after month, in failing to obtain disability insurance through other

25   sources, and in organizing his personal financial portfolio.

26

27   24. Mr. Pralinsky was damaged by his reliance on the false representations set forth

28   Complaint                                      Page 6 of 8

1    above as set out below.

2

3                              DAMAGES

4

5            25. Mr. Pralinsky has been damaged by nonpayment of policy benefits in an amount

6    which is subject to proof but which is estimated at $20,000 to date, and loss of future benefits due

7    through age 65 in the estimated amount of $375,000;

8

9            26. Mr. Pralinsky has suffered general damages including loss of financial security,

10   embarrassment and humiliation, and emotional distress, in an amount to be proven at trial and which

11   is estimated at $250,000;

12

13           27. Mrs. Cretin has been forced to retain counsel and incur fees and court costs in

14   order to secure the benefits owed to her, in an amount not now known with certainty but to be proved

15   at trial, and which is estimated, through trial, at $250,000;

16

17           28. Because the acts of defendants were authorized and ratified by their management,

18   and the conduct of defendants was fraudulent, malicious and oppressive, Mr. Pralinsky is entitled to

19   exemplary damages according to proof.

20

21           30. Mr. Pralinsky is entitled to prejudgment interest according to proof on all sums

22   owed.

23

24           Wherefore, Mr. Pralinsky prays for relief as follows:

25

26           1. For benefits owed of approximately $395,000. or according to proof;

27

28   Complaint                            Page 7 of 8

2. For general damages according to proof or $250,000;

3. For exemplary damages according to proof;

4. For prejudgment interest according to proof;

5. For costs of suit and attorneys fees herein incurred according to proof or in the sum of $250,000; and

6. For such other and further relief as the court deems just and proper.

Dated: May, 27, 2008

Laurence F. Padway
Attorney for plaintiff

Complaint                                        Page 8 of 8

-14-

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Laurence F. Padway (083914)
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, CA 94501
TELEPHONE NO.: 510-814-6100    FAX NO.: 510-814-0650
ATTORNEY FOR (Name): Scott Pralinsky

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1215 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

**FILED**
**ALAMEDA COUNTY**

JUN 1 – 2008

CLERK OF THE SUPERIOR COURT
By M. Wun
Deputy

CASE NAME:
Scott Pralinsky v. Mutual of Omaha, and Does 1-20, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | RG08 390511 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 2, 2008
Laurence F. Padway
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
[American LegalNet, Inc.]

-15-

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Pralinsky v. Mutual of Omaha, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW **UNLIMITED** CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice  (448) |
|---|---|

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G)<br>Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD /<br>WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD /<br>WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [X] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs         [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally<br>Complex | Antitrust / Trade regulation (03) | [ · ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of<br>Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 06 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

-16-

1    Martin E. Rosen (108998), mrosen@barwol.com
      Ophir Johna (228193), ojohna@barwol.com
2    Jason C. Love (228881), jlove@barwol.com
      BARGER & WOLEN LLP
3    633 West Fifth Street, 47th Floor
      Los Angeles, California 90071
4    Telephone: (213) 680-2800
      Facsimile: (213) 614-7399

5

6

7    Attorneys for Defendant
      Mutual of Omaha Insurance Company

8

               **ENDORSED**
                 **FILED**
          ALAMEDA COUNTY

             JUL 0 1 2008

    CLERK OF THE SUPERIOR COURT
      BY _____

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    ## FOR THE COUNTY OF ALAMEDA

10

11

| | |
|---|---|
| SCOTT PRALINSKY, | CASE NO.: RG08390511 |
|       Plaintiff, | |
|       vs. | **DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |
| MUTUAL OF OMAHA INSURANCE, and DOES 1-20, inclusive, | |
|       Defendants. | |
| | Complaint Filed:    June 2, 2008 |

18

19       TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

20

21       Defendant Mutual of Omaha Insurance Company, sued erroneously herein as Mutual of

22    Omaha Insurance ("Defendant"), hereby answers the unverified Complaint of Plaintiff Scott

23    Pralinksy ("Plaintiff"), as follows:

24

25

26

27

28

i:\office\9\0691\03\08\pleading\answer (state court)_v2.doc

MUTUAL OF OMAHA'S ANSWER TO COMPLAINT

1

## GENERAL DENIAL

2       1.    Defendant, in answer to the Complaint, and by virtue of Code of Civil Procedure

3   section 431.30(d), hereby files its general denial to the allegations of the Complaint, and denies

4   generally and specifically each and every allegation therein. Defendant further denies, generally

5   and specifically, that Plaintiff has suffered damages in the sum or sums alleged, or in any other sum

6   or sums, or at all, by reason of any act, breach or omission on the part of Defendant, or on the part

7   of any agent, servant, or employee of Defendant.

8       2.    Defendant denies it was or is guilty of any of the conduct as alleged in the

9   Complaint, or otherwise, or at all, and further denies that Plaintiff was injured or damaged, or will

10  be injured or damaged, as a result of any conduct on the part of Defendant, either as alleged in said

11  Complaint, or otherwise, or at all.

12      3.    Defendant denies that by reason of an act or acts, or by virtue of any of the

13  allegations contained in the Complaint, or otherwise, that Plaintiff is, was, or will be entitled to any

14  of the relief sought in the Complaint, or otherwise, or at all.

15

16                              ## AFFIRMATIVE DEFENSES

17

18                              ### First Affirmative Defense

19                              **(Failure to State Cause of Action)**

20      4.    Plaintiff's Complaint, and each and every cause of action contained therein, fails to

21  state a cause of action against Defendants upon which relief may be granted.

22

23                              ### Second Affirmative Defense

24                              **(Failure to Comply with Policy Conditions)**

25      5.    Defendant is informed and believe, and on that basis alleges, that Plaintiff and/or his

26  agents or principals failed to comply with one or more conditions precedent, concurrent, and/or

27  subsequent under the policy and, therefore, Plaintiff is barred from the recovery sought against

28  Defendant.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-
MUTUAL OF OMAHA'S ANSWER TO COMPLAINT
-18-

## Third Affirmative Defense

### (Claims Barred by Policy's Provisions)

6.    Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims under the policy are barred and precluded by the policy's provisions, terms, conditions, exclusions, endorsements, and limitations, including but not limited to provisions implied by law.

## Fourth Affirmative Defense

### (Acts or Omissions of Others)

7.    Defendant is informed and believes, and on that basis alleges, that the damages or losses, if any, alleged in the Complaint were the direct and proximate result of the negligence or other actions of parties other than Defendant and over which Defendant exercise no control, including Plaintiff. Accordingly, any liability by Defendant is limited in direct proportion to the percentage of fault actually attributable to it.

## Fifth Affirmative Defense

### (Genuine Dispute Doctrine)

8.    Plaintiff's claim, as set forth in the Complaint, for breach of the implied covenant of good faith and fair dealing, is barred by the "genuine dispute doctrine."

## Sixth Affirmative Defense

### (Waiver)

9.    Defendant is informed and believes, and on that basis alleges, that Plaintiff has waived any right to seek the relief requested in the Complaint.

## Seventh Affirmative Defense

### (Estoppel)

10.    Defendant is informed and believes, and on that basis alleges, that Plaintiff is estopped from obtaining the relief requested in the Complaint.

BARGER & WOLEN LLP
533 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-3-

MUTUAL OF OMAHA'S ANSWER TO COMPLAINT

**Eighth Affirmative Defense**

**(Unclean Hands)**

11.    The Complaint, and each cause of action against Defendant therein, is barred by the doctrine of unclean hands.

**Ninth Affirmative Defense**

**(Plaintiff's Conduct Primary and Active)**

12.    The injuries and damages alleged by Plaintiff were proximately caused and contributed to by the conduct of Plaintiff and/or his agents or principals, which conduct was primary and active, and Defendant's alleged acts or omissions were made in good faith and without carelessness or unlawfulness of any kind and were secondary and passive to the conduct of Plaintiff and/or his agents or principals.

**Tenth Affirmative Defense**

**(Failure to Mitigate)**

13.    Plaintiff failed to mitigate his damages, if any, thus barring or reducing any recovery to which Plaintiff might otherwise be entitled.

**Eleventh Affirmative Defense**

**(Reservation of Defenses)**

14.    Defendant reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims and upon further investigation.

WHEREFORE, Defendant prays that:

1.    Plaintiff take nothing by way of the Complaint and that the Complaint be dismissed entirely and with prejudice;

///

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-4-

MUTUAL OF OMAHA'S ANSWER TO COMPLAINT

1    2.  Defendant be awarded its costs of suit herein; and

2    3.  The Court award such other and further relief as it deems just and proper.

3

4    Dated: July 1, 2008                                    BARGER & WOLEN LLP

5

6                                                   By:

7                                                        MARTIN E. ROSEN
                                                        OPHIR JOHNA
                                                        JASON C. LOVE
8                                                        Attorneys for Defendant Mutual of
                                                        Omaha Insurance Company
9

10                              **DEMAND FOR JURY TRIAL**

11        Defendant Mutual of Omaha Insurance Company hereby demands a trial by jury as to all

12   claims.

13

14   Dated: July 1, 2008                                    BARGER & WOLEN LLP

15

16                                                   By:

17                                                        MARTIN E. ROSEN
                                                        OPHIR JOHNA
18                                                        JASON C. LOVE
                                                        Attorneys for Defendant Mutual of
19                                                        Omaha Insurance Company

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-5-

MUTUAL OF OMAHA'S ANSWER TO COMPLAINT

-21-

**PROOF OF SERVICE**
*(Superior Court County of Alameda Case No. RG08390511)*
*(Scott Pralinsky v. Mutual of Omaha Insurance Co.)*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071-2043.

     On **July 1, 2008**, I served the foregoing document(s) described as **DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing [ ] the original [ X ] a true copy thereof enclosed in sealed envelope addressed as stated below.

Laurence F. Padway, Esq.
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Tel.: (510) 814-6100
Fax: (510) 814-0650

[ X ] **BY MAIL**

    [ X ]   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at Los Angeles, California on **July 1, 2008.**

NAME: Susan Lincoln                     _(Signature)_

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9691\039\08pleadings\proof of service.doc

-22-

1

**PROOF OF SERVICE**
2
*(United States District Court, Northern District of California)*
3
*Removed from Superior Court County of Alameda - Case No. RG08390511)*
*(Scott Pralinsky v. Mutual of Omaha Insurance Co.)*
4

5
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

6
        I am employed in the County of Los Angeles, State of California.  I am
over the age of 18 and not a party to the within action; my business address is:
7
Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California
90071-2043.

8
        On **July 2, 2008**, I served the foregoing document(s) described as
**DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY'S NOTICE**
9
**OF REMOVAL** on the interested parties in this action by placing [ ] the original
[ X ] a true copy thereof enclosed in sealed envelope addressed as stated below.
10

11
Laurence F. Padway, Esq.
Law Offices of Laurence F. Padway
12
1516 Oak Street, Suite 109
Alameda, California  94501
13
Tel.:  (510) 814-6100
Fax:  (510) 814-0650

14

15
[ X ] **BY MAIL**

16
    [ X ]    I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be
deposited with U.S. Postal Service on that same day with postage thereon
17
fully prepaid at Los Angeles, California in the ordinary course of business.  I
am aware that on motion of the party served, service is presumed invalid if
18
postage cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.

19

20

21
[ X ]   **(STATE)**      I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.  Executed at Los
22
Angeles, California on **July 2, 2008.**

23
NAME: Susan Lincoln
24
(Signature)

25

26

27

28

i:\office9\9691\039\08pleadings\proof of service.doc